NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE BEDOE,<br><br>                Plaintiff,<br><br>    vs.<br><br>MAXIM HEALTHCARE SERVICES, INC., a Maryland corporation,<br><br>                Defendant. | Case No. 2:14-CV-9213-DSF (FFMx)<br><br>Assigned to the Honorable Dale S. Fischer<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER** |

    In light of Plaintiff Anne Bedoe and Defendant Maxim Healthcare Services, Inc.'s (collectively, "the Parties") Stipulated Protective Order, and good cause appearing, the Court hereby grants the Parties' stipulation and hereby orders as follows:

    1.    This Stipulated Protective Order governing the treatment of confidential information (the "Order") shall govern the handling of all documents, testimony and discovery responses, including all copies, excerpts and summaries thereof (collectively "Material"), provided during the course of the above-captioned case (the "Litigation") by the Parties to the Litigation or by non-parties, either voluntarily or as required by discovery requests made pursuant to the Federal Rules of Civil Procedure.

2.      **Material** ~~Whether or not~~ designated as "Confidential Material," "Attorneys-Eyes Only Confidential Material," or "HIPAA Confidential Material" as defined in Paragraphs 6 and 7, ~~all documents and information~~ **in** obtained through this lawsuit shall be used only for the purposes of investigating, preparing for and conducting the Litigation in which such Material is produced, including any appeals thereof, and shall not be used by the Parties or any other person for any commercial, business, competitive or other purpose without the prior written consent of the Producing Person or their counsel.

3.      This Stipulation and Order is supported for good cause.  This Order is necessary in order to protect certain "Confidential Material" of the parties as defined in Paragraphs 6 and 7 below.  In addition, as a "Covered Entity" under HIPAA, as that term is defined in the Standards for Privacy of Individually Identifiable Health Information ("Privacy Rule") at 45 C.F.R. §106.103, and pursuant to other applicable federal and state laws, Defendant Maxim is obligated to protect its clients' Personal Health Information ("PHI"), as defined under the Privacy Rule at 45 C.F.R. §106.103, in accordance with the Privacy Rule and the Security Standards Regulations ("Security Rule"), *see* 45 C.F.R. Parts 160 and 164, as well as other confidential information, from unauthorized disclosure and use. Disclosure and use of PHI is authorized only under certain conditions specified in the Privacy Rule and Security Rule.  The Privacy Rule and Security Rule allow the use and disclosure of PHI under these circumstances, provided the parties stipulate to, and a court orders, a "Qualified Protective Order."  45 C.F.R. §§164.512(e)(1)(ii)(B) and 164.512(e)(1)(iv)(A).  A "Qualified Protective Order" is an order that prohibits the use or disclosure of PHI for any purpose other than the litigation for which such information was requested, and requires the return of documents (and all copies) containing PHI at the conclusion of the litigation.  45 C.F.R. 164.512(e)(1)(v).  The parties agree, and the Court finds, that under the

circumstances set forth in this Order, the parties are permitted to request, disclose, or use Maxim's clients' PHI in the above-referenced litigation to obtain relevant information regarding Plaintiff's claims or Maxim's defenses.  In agreeing to this Order, however, neither party waives any objection to the request, disclosure, or use of PHI or any other Confidential Material covered by this Order pursuant to the Federal Rules of Civil Procedure.

4. The provisions of this Order shall apply to any "person," which, as used herein, shall include (a) all Parties to the Litigation, and (b) any other person or entity receiving, producing or disclosing Material in the Litigation.

5. This Order shall not apply to any document, testimony or other information that: (a) is in the public domain at the time of disclosure; (b) becomes part of the public domain through no fault of the other party; or (c) the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure.

6. Any person who produces Material (a "Producing Person") may at any time designate as "Confidential," "Attorneys-Eyes Only Confidential," or "HIPAA Confidential" (collectively, "Confidential Material"), as applicable, any non-public Material that such person produces in the course of the Litigation that such Producing Person believes in good faith to contain Confidential Material. Confidential Material means Trade Secrets, confidential and proprietary business and financial information, and confidential personal information, including:  (1) non-public information about any individual or individuals, including social security numbers, dates of birth, addresses or other personal contact information, HIPAA-protected Personal Health Information ("PHI"), personnel records, evaluations, compensation levels, databases, surveys, statistical analysis, analyses of personnel practices, or other information incorporating or aggregating information pertaining to individuals not party to this litigation; (2) non-public

information about any client or customer of Defendant, including financial information, business plans, and contractual agreements; (3) personally identifiable information about employees, clients or customers of Defendant; and (4) non-public information and documents regarding Defendant's selling and marketing practices, business plans, compensation practices, hiring and training practices, methods of doing business, policies and procedures, programs and agreements, and private information regarding Defendant's current and former agents, employees and customers, the disclosure of which may result in serious injury to Defendant's business.  A "Trade Secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that:  (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.  In addition, any Party may designate as "Confidential" any Material that is produced by any other Party or any third party that such Party believes in good faith contains Confidential Material as set forth above.  Each Party shall have thirty (30) days from the actual receipt of any Material produced by any other Party or any third party to designate any such Material as "Confidential."  During this thirty (30)-day period, any person receiving any such Material shall treat that Material as "Confidential" under the terms of this Order.  Any Material designated as "Confidential" in accordance with this Order also will render "Confidential" any copies, excerpts, summaries or other documents reflecting or referring to the substance or contents of such Material.

      7.     "Attorneys-Eyes Only Confidential" Material means any highly confidential, sensitive material the disclosure of which to anyone other than Plaintiff's attorneys could result in irreparable harm.

/ / /

8. Confidential Material shall be subject to the following restrictions:

(a) Confidential Material shall not be given, shown, made available or communicated in any way to anyone except those Qualified Persons specified in sub-paragraphs (b) and (c) below to whom it is necessary that such Confidential Material be given or shown for the purposes permitted under Paragraph 2 above.

(b) "Confidential" or "HIPAA Confidential" Material may be disclosed, for the purposes set forth in Paragraph 2 above, only to a "Qualified Person," defined as follows:

    (i) counsel of record for the Parties and attorneys, clerical, paralegal and other staff employed by such counsel who are assisting in the conduct of the Litigation;

    (ii) the Parties and those officers and employees of the Parties deemed necessary to aid counsel in the conduct of the Litigation, subject to Paragraph 9 below;

    (iii) witnesses (other than Parties) during any interview, deposition, hearing or informal meeting conducted by counsel for a Party subject to Paragraph 8 below;

    (iv) such consultants and experts retained by the Parties, or their respective counsel, as they, in good faith, deem necessary to provide assistance in connection with the conduct of the Litigation, subject to Paragraph 9 below;

    (v) the Court, court personnel, and jurors, subject to Paragraph 16 below;

    (vi) court reporters and their employees used in connection with the conduct of the Litigation;

    (vii) mediators and their employees used in connection with any efforts to mediate the Litigation;

(c) "Attorney-Eyes Only Confidential" Material may be disclosed, for the purposes set forth in Paragraph 2 above, only to a "Qualified Person," defined as follows:

    (i) counsel of record for the Parties and attorneys, clerical, paralegal and other staff employed by such counsel who are assisting in the conduct of the Litigation;

    (ii) the Court, court personnel, and jurors, subject to Paragraph 16 below;

(d) Confidential Material shall not be provided to counsel, consultants or expert witnesses employed by the Parties in any other litigation or administrative proceeding or used for any purposes other than investigating, preparing for, and conducting the Litigation, including any appeals thereof. If any such counsel, consultant or expert witness also is counsel, a consultant or an expert witness in the Litigation, such counsel, consultant or expert witness shall not use any Confidential Material in any other litigation or administrative proceeding.

9. Except for the Parties, those Qualified Persons described in subparagraphs 8(b)(ii) through 8(b)(iv) above to whom Confidential Material is disclosed shall first be provided with a copy of this Order and advised that such Confidential Material is being disclosed pursuant to and subject to the terms of this Order, and that Confidential Material may not be disclosed other than pursuant to the terms hereof. Qualified Persons to whom Confidential Material is disclosed shall further execute the attached "Acknowledgment and Agreement to Be Bound" before such persons may be given access to Confidential Material. It shall be the responsibility of counsel providing such access to Confidential Material to provide each Qualified Person to whom Confidential Material is disclosed a copy of this Order and the attached "Acknowledgment and Agreement to Be Bound," and to retain a signed copy in counsel's files. Any Qualified Person to whom Confidential

Material is provided pursuant to this Paragraph shall destroy such Confidential Material no later than sixty (60) days after the termination of the Litigation, including any appeals thereof, and provide written confirmation of the same.

10. If a Party inadvertently discloses Confidential Material to anyone who is not a Qualified Person, such disclosure shall be reported in writing to the Producing Person who produced such inadvertently disclosed Confidential Material within five (5) business days of knowledge of such inadvertent production. In that event, counsel for the Party who made the inadvertent disclosure shall make all reasonable efforts to retrieve the Confidential Material and any documents containing such Confidential Material and to obtain the agreement of persons to whom inadvertent disclosure was made to treat the Confidential Material in accordance with the terms of this Order.

11. All documents and things that are produced in the Litigation, whether voluntarily or as required under the Federal Rules of Civil Procedure, if such documents or things contain Confidential Material, shall bear a stamp stating "Confidential," "Attorneys-Eyes Only Confidential" or "HIPAA Confidential," on each page of any such document or on a sticker affixed to any such tangible thing, unless such designation would be unduly burdensome, in which case the designating party may designate the categories of documents that contain such material (*e.g.,* all email communications or all "flow sheets" for a Plaintiff). The parties agree that any documents contained therein, which may contain HIPAA Confidential Material, shall be redacted before filing with any Court pleading or filed under seal.

12. Documents or testimony previously provided shall be retroactively designated by notice in writing of the appropriate confidentiality designation within sixty (60) days of the entry of this Order. Documents unintentionally produced without the applicable confidentiality designation may be retroactively designated

in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party. Documents to be inspected shall be treated as confidential during inspection. At the time of copying for the receiving party, the producing party shall stamp such inspected document with the appropriate confidentiality designation.

13. (a) Upon written notice by the Producing Person within fifteen (15) business days of learning of the inadvertent or unintentional disclosure of attorney-client or work product Material, which Material will be specified by identifying the Bates number designations or such other information as to reasonably describe the Material, the Producing Person shall notify the Receiving Party that such Material was unintentionally disclosed. Such inadvertent or unintentional production, absent a further court order, shall not constitute a waiver of the attorney-client privilege or work-product immunity.

(b) Thereafter, the Receiving Party shall return within five (5) business days the originals and all copies of the Material specified in the aforesaid written notice, subject to Paragraph (c) below.

(c) If, however, the Receiving Party disagrees that the Material is protected from disclosure by the attorney-client privilege or work-product immunity, or asserts that there has been an intentional waiver of privilege or immunity which encompasses the Material, the Receiving Party may move the Court, within fifteen (15) business days of the Producing Person's written notice of inadvertent or unintentional disclosure, for an order that such Material be produced, in which case, the Party claiming the privilege or immunity shall have the burden of proving that such privilege or immunity exists. The Receiving Party shall not use or rely upon any such Material until after the resolution of any such motion by the Court.

(d)     If the Receiving Party fails to file the aforesaid motion in a timely fashion, then the Receiving Party, within five (5) business days after the time to file said motion has expired, will return the originals and all copies of the Materials that were not previously returned.

(e)     Notwithstanding the foregoing procedure, the parties agree that with respect to voluminous electronically stored information ("ESI") produced in electronic form (*e.g.,* all email communications of Plaintiff), the parties agree that pursuant to Federal Rule of Evidence 502(d), attorney-client privilege and work product protection shall not be waived pursuant to this Court-approved Order. Clawback of any attorney-client or work product documents from voluminous ESI productions shall take place in accordance with the time frames set forth in Paragraphs 13(a) and (b) above.

14.     In the event it becomes necessary at a deposition or hearing to show any Confidential Material to a witness, as described in sub-paragraph 8(b)(iii) above, any testimony related to the Confidential Material shall be deemed to be Confidential Material, and the pages and lines of the transcript that set forth such testimony shall be stamped as set forth in Paragraph 11 of this Order.

15.     Testimony or exhibits disclosed at a deposition may be designated as Confidential Material by the person providing such testimony, by a Party or by a Producing Person, if such person either:

(a)     identifies on the record at the deposition those portions of the testimony or exhibits that are designated as Confidential Material, or

(b)     provides written notification to all Parties within thirty (30) days after receipt of the transcript as to those pages and lines of the transcript or exhibits that are designated as Confidential Material. The entire transcript of any deposition shall be treated as Confidential Material until thirty (30) days after the transcript is received. Each page of deposition transcript and exhibit designated as Confidential

Material, and any copies thereof, shall be stamped, as set forth in Paragraph 11 above, by the court reporter or counsel.

16. No party may file an entire pleading under seal, but selected documents containing unredacted Confidential Material may be filed under seal with the prior permission of the Court. If a Party wishes to file a document that has been designated confidential by another Party, the submitting Party must give any designating Party five-calendar days notice of intent to file. If the designating Party objects, it should notify the submitting Party and file an application to file documents under seal within two court days.

17. The Party seeking to file documents containing unredacted Confidential Material with the Court must move the Court for leave to file such documents under seal in accordance with the Local Rules and the Court's Case Management Procedures. If the Court grants an application to file documents under seal, the Court's mandatory paper chambers copies must include a complete version of the documents with an appropriate notation identifying the document or the portion of the document that has been filed under seal. Such documents should be submitted via e-mail to the Judge's Chambers e-mail at DSF_Chambers@cacd.uscourts.gov, in accordance with the Judge's pilot program procedures. The Party that files unredacted Confidential Information under seal shall, within five (5) business days of the filing, file a public version of the sealed document with the Confidential Material redacted.

18. No Party concedes that any Material designated by any other person as Confidential Material under any provision of this Order does, in fact, contain or reflect trade secrets, proprietary or confidential information or has been properly designated as Confidential Material, and entering into this Order shall not prejudice, in any way, the right of a Party or an interested member of the public to seek at any time a determination by the Court of whether any particular Material should be

subject to the terms of this Order. If the Court determines that any Material designated as Confidential Material is not Confidential, any receiving person may treat the Material without any restriction.

19. A Party shall not be obligated to challenge the propriety of the designation of Material as Confidential Material, Attorneys-Eyes Only Confidential Material, or HIPAA Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. In the event that any Party to this action disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential Material", the designation of any person as a "Qualified Person," "Attorneys-Eyes Only Confidential Material", or "HIPAA Confidential Material" the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this protective Order by objecting in writing to the party who has designated the document or information as Confidential Material, Attorneys-Eyes Only Confidential Material, or HIPAA Confidential Material. The parties shall meet and confer regarding the written objection in good faith. The objecting party shall be required to move the Court for an Order challenging the designated status of such information within fifteen (15) business days of issuing the written objection, and failure to do so shall constitute a waiver of the objection.

20. The burden of persuasion in any such challenge proceeding described in paragraph 18 shall be on the designating party, which must establish good cause for protection under Rule 26(c). The parties may, by stipulation, provide for exceptions to this protective Order and any party may seek an order from the Court modifying this protective Order. Until the issue is resolved by the parties or the Court, "Confidential Material" "Attorneys-Eyes Only Confidential" and "HIPAA Confidential," shall be treated as designated and shall not otherwise be disclosed.

21. Should any non-party seek access to Confidential Material produced in the Litigation, by request, subpoena or otherwise, the Party or other recipient of the Confidential Material from whom such access is sought, as applicable, shall promptly notify the Producing Person who produced such Confidential Material of such requested access.  If any Receiving Party (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he, she, or it is a party, or (c) is served with any other legal process by one not a Party to this Litigation seeking Confidential Material which was produced, the Receiving Party shall give actual written notice, by hand, electronic mail, or facsimile transmission, within five (5) business days of receipt of such subpoena, demand or legal process, to those who produced or designated the Material.  <u>The Receiving Party shall not produce any of the Producing Person's Confidential Material, unless ordered by a court to do so</u>, until the later of (i) the date of production specified in, or required by, the subpoena, demand or other legal process or (ii) the date that any objection by the Producing Party to production of the Confidential Material is resolved by the Court.  The Producing Person shall be solely responsible for asserting any objection to the requested production.

22. HIPAA Confidential Material shall be subject to the following additional restrictions:

(a) PHI as defined by the Privacy Rule, *see* 45 C.F.R. §160.103, which includes individually identifying health information about any of Maxim's current or former clients that directly or indirectly identifies an individual, including, but not limited to, the full name of the client, the residential address of the client, any type of contact information of the client (including but not limited to phone numbers, email addresses or mailing addresses), the names or contact information of the client's family members, the social security number of the client,

and all medical records or other medical information related to the client, shall be HIPAA Confidential Material.

   (b) Any declaration filed by the parties in this action shall not disclose any HIPAA Confidential Material.  Any current or former Maxim client shall be identified in such declarations filed in the Court by a fictitious name only.  Plaintiff's counsel shall provide to Maxim's counsel the real first name and last initial of the client upon filing of the declaration.

   (c) No documents that contain HIPAA Confidential Material shall be filed with the Court, unless the PHI and other identifying information (as set forth Paragraph 20(a) above) is redacted or the documents are filed under seal.

   (d) Plaintiff, Plaintiff's Counsel, and putative class members will not contact any client of Maxim to whom Maxim is providing healthcare services unless a separate Court Order is issued approving such communications.  Maxim reserves the right to object to any such communications.

   (e) With respect to any external employees of Maxim who are providing healthcare services to Maxim's clients, Plaintiff's Counsel may contact any current or former external employees disclosed by Maxim in its discovery responses regarding the subject matter of this litigation.  Plaintiff' counsel agrees to read the Prefatory Statement attached to this Order prior to beginning any interview which shall advise the external employee not to disclose any HIPAA-protected information and not to disclose other Confidential Business Information of Maxim unless such information relates to the external employee's personal knowledge of Home Health Aide's job duties.

   (f) Any HIPAA Confidential Material disclosed in this Litigation shall be used solely for purpose of this Litigation, and unless the Court rules otherwise, such information shall not be disclosed to any person other than the Qualified Persons listed in Paragraph 8(b) of this Order.  All such HIPAA material

shall be returned or destroyed at the conclusion of this litigation pursuant to Paragraph 25.

23. Nothing in this Order constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work product protection, or any other privilege.

24. Any dispute including any effort to contest the designation of Confidential Material, shall be resolved by motion before the Court upon not less than fifteen (15) business days' written notice, or such other notice period as the Court may Order to the Parties and the person who produced the Confidential Material at issue.

25. Prior to the use of any Confidential Material at any hearing to be held in open court, counsel who desires to so use such Confidential Material shall take reasonable steps to preserve the confidentiality of the material and to submit a motion to file under seal at or immediately following the hearing for the portion of the record and/or any exhibits that contain Confidential Material.

26. This Order shall continue to be binding throughout and after the conclusion of the Litigation, including any appeals.

27. Within sixty (60) days after the conclusion of the Litigation, including all appeals, all Confidential Material, and all copies thereof, shall be destroyed. Counsel for either party shall certify, in writing, that all Confidential Materials within their possession or control have been destroyed within ten (10) business days after counsel for the other party requests such confirmation. Notwithstanding the foregoing, counsel for the Parties may retain pleadings, other papers filed with the Court or served in the course of the Litigation, interrogatories and responses, requests for production and the responses thereto, deposition transcripts and work product, subject to the limitations concerning their use stated herein. This Paragraph shall not apply to Confidential Material filed with and in the possession

of the Court, which strictly and fully enforces Local Rule 26.2(g) concerning the disposition of restricted documents.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:**

Dated:   March 25, 2015

By   /S/ FREDERICK F. MUMM
Hon.  Frederick F. Mumm
U.S. Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Anne Bedoe v. Maxim Healthcare Services, Inc.*, Case No. 2:14-CV-9213-DSF (FFMx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____